UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

January 27, 2006

Keith A. Gauer, Esq.
Counsel for MetaBank
206 West 14th Street
Post Office Box 1030
Sioux Falls, South Dakota   57101-1030

Rosana Olson Hedahl
3621 Woodland Avenue
Des Moines, Iowa   50312

        Subject:   *In re Christian J. Tapken*,
                   Chapter 7, Bankr. No. 05-42109

Dear Mr. Gauer and Ms. Olson Hedahl:

        The matter before the Court is the *Motion to Extend Time to File Complaint Objecting to Discharge Under 11 U.S.C. § 727* filed by MetaBank and the objection thereto filed by Rosana Olson Hedahl. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, the Motion will be granted.

        *Summary.* Christian J. Tapken ("Debtor") filed a Chapter 7 petition in bankruptcy on October 12, 2005. On his schedules, Debtor included MetaBank among his secured creditors. Debtor included Rosana Olson Hedahl among his general, unsecured creditors but did not describe her claim.

        Pursuant to Fed.R.Bankr.P. 4004(a), the deadline to file a complaint objecting to a discharge in the case was January 23, 2006. On January 13, 2006, MetaBank filed a *Motion to Extend Time to File Complaint Objecting to Discharge Under 11 U.S.C. § 727* ("Motion to Extend"). MetaBank requested an extension to March 9, 2006, of the deadline to file a denial of discharge complaint against Debtor under § 727. MetaBank said it had not yet completed its review of three companies in which Debtor was an officer, director, or shareholder. Rosana Olson Hedahl filed an objection

In re Tapken
January 27, 2006
Page 2


to the motion on January 23, 2006. She argued:

> **Metabank's discussions with Debtor regarding a potential resolution of any complaint under 11 U.S.C. Chapter 727, are not hindered by the Debtor's discharge under 11 U.S.C. Chapter 727.**
> Upon information and belief, Metabank, has previously been involved in a financial arrangement with the Debtor, DNAG, SDAC, and Victory Properties, without any oversight, from the United States Bankruptcy Court, and/or Your Honor. Metabank, a publicly traded, and federally insured savings and loan, does not need to waste the Court's time or resources, for the above mentioned purpose.

*Discussion.* The deadline for filing a denial of discharge complaint under § 727 may be extended "for cause." Fed.R.Bankr.P. 4004(b). The motion requesting the extension must be filed before the original deadline for filing a § 727 complaint expires. *Id.*

Cause under Rule 4004(b) is not defined within the rule. Courts have considered several factors when faced with the issue. These factors include:

> (1) whether the debtor refused in bad faith to cooperate with the creditor; (2) whether the creditor had sufficient notice of the deadline and the information to file an objection; (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; (4) whether the creditor exercised diligence; and (5) the complexity of the case.

*In re Nickolas C. Ballas*, 2005 WL 2621512, slip op. at 2 (citing *European American Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 55 (2nd Cir. 1996); *In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999); *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996); and *Santana Olmo v. Quinones Rivera (In re Quinones Rivera)*, 184 B.R. 178, 183 (Bankr. D.P.R. 1995)). The moving party should show he has exercised due diligence before being given a reasonable extension. *Ballas*, slip op. at 2 (cites therein); *Kohl v. Loefgren (In re Loefgren)*, 305 B.R. 288, 290 (W.D. Wis. 2003). *See generally Kontrick v. Ryan*, 540 U.S. 443 (2004)(discussion of Rule 4004 and its implications).

Based on the factors above, MetaBank's request is reasonable. The financial tangles of the three businesses in which Debtor was involved are not easily unsnarled. Moreover, there is no

indication MetaBank has not timely pursued any § 727 issues or otherwise attempted to delay the administration of the case. Accordingly, its Motion to Extend the deadline to March 9, 2006, will be granted.

The Court is unsure why Olson Hedahl has objected to MetaBank's Motion to Extend. If Debtor ultimately does not receive a discharge, and if Olson Hedahl is, in fact, an unsecured claim holder, it will only mean her claim will be paid by the case trustee to the extent funds are available, and Olson Hedahl can thereafter still attempt collection of any balance due from Debtor later. Moreover, contrary to Olson Hedahl's statements in her objection, Rule 4004(c) requires a debtor's discharge to be delayed while any adversary proceeding under § 727 is pending. Accordingly, Debtor's discharge cannot be entered while MetaBank is pursuing issues under § 727. Finally, it is not a waste of time or judicial resources for this Court to consider MetaBank's Motion to Extend or preside over any § 727 complaint by MetaBank. It is one of the Court's primary functions. 28 U.S.C. § 157(b)(2)(J) and 1334.

An order granting MetaBank's Motion to Extend will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JAN 27 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By _____

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 27 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

INH:sh

CC: case file (docket original; serve parties in interest)
    Curt R. Ewinger, Esq.,
        counsel for Debtor

Rosana Olson Hedahl
3621 Woodland Ave
Des Moines, IA 50312

Christian Jay Tapken
2711 South Carter Place
Sioux Falls, SD 57105